## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERIC AND LYNDSEY BAUM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TRAVELERS PERSONAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. 3:25-cv-1069 <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** <br> **(Diversity Jurisdiction)** <br><br> CIRCUIT COURT <br> DANE COUNTY, WI <br> No. 2025 CV 003718 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, TRAVELERS PERSONAL INSURANCE COMPANY ("Travelers"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, hereby removes to this Court the state court action described below:

1. On or about November 12, 2025, Plaintiffs, ERIC AND LYNDSEY BAUM ("Baum"), filed an action in the Circuit Court for Dane County, Wisconsin, under Case No. 2025 CV 003718, against Defendant Travelers.  Plaintiffs' Complaint is attached hereto as Exhibit A and incorporated herein by reference.

2. On December 1, 2025, Travelers was served with the Complaint and Summons.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) as it is filed within thirty (30) days after Travelers' receipt of Plaintiffs' Complaint on or after December 1, 2025.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Travelers pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff Eric Baum, an individual, was and is a citizen of the State of Wisconsin.

6. At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff Lyndsey Baum, an individual, was and is a citizen of the State of Wisconsin.

7. At the time the Complaint was filed, and at all times subsequent thereto, Defendant Travelers was and is a Connecticut corporation with its principal place of business in the State of Connecticut.

8. The amount in controversy exceeds $75,000. 28 U.S.C. 1446(c)(2) permits a defendant to assert the amount in controversy where the amount is not stated in the state court pleading. 28 U.S.C. 1446(c)(2) (2012). Removal is proper where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.*

9. The Seventh Circuit has established a low threshold for defendants in establishing the amount in controversy. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Barbers, Hairstyling For Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997). "Removal is proper if the defendant's estimate of the stakes is plausible." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

10. In their Complaint, Plaintiffs seek $21,203.00 plus "punitive damages due to Travelers' bad faith, statutory damages, [and] attorney fees" for alleged "bad faith insurance practices." Ex. A.

11. In a bad faith action, a successful plaintiff can recover compensatory damages, punitive damages of up to two times compensatory damages or $200,000, which is greater, and attorney fees. *Klein v. Travelers Indemnity Company of America*, 23-cv-69-jdp, 2024 WL

3251790, *3 (W.D. Wis. May 16, 2024), citing *Anderson v. Cont'l Ins. Co.*, 85 Wis.2d 675, 694, 271 N.W.2d 368 (1978) and Wis. Stat. § 895.043. The availability of recovering punitive damages must also be considered in determining whether the amount in controversy requirement is satisfied. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir.2000). If punitive damages are available, subject matter jurisdiction exists unless it is "legally certain" that the plaintiff will be unable to recover the requisite jurisdictional amount. *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 551 (7th Cir. 2008).

12. Wisconsin law provides that punitive damages "may not exceed twice the amount of any compensatory damages recovered by the plaintiff or $200,000, whichever is greater." Wis. Stat. § 895.043(6). Accordingly, the punitive damages placed in controversy alone may reach $200,000, well in excess of the jurisdictional threshold.

13. Even assuming, *arguendo*, that punitive damages are limited to twice Plaintiffs' claimed compensatory damages, i.e., $42,406.00, Plaintiffs' combined compensatory and punitive damages would total $63,609.00 before accounting for Plaintiffs' claim for attorney's fees.

14. For purposes of determining the amount in controversy, attorney's fees may be included to the extent they were incurred as of the time of removal. *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 844-45 (7th Cir. 2014). Assuming at least $11,391.00 in accrued attorney's fees is modest, reasonable, and consistent with ordinary pre-filing work in an insurance bad faith action.

15. Travelers denies that it acted in bad faith or that punitive damages are warranted. Nevertheless, for purposes of determining the amount in controversy, because it is not legally certain that Plaintiffs will be unable to recover $75,000, this Court has subject-matter jurisdiction.

3

16. Prompt written notice of this removal is being provided to Plaintiffs, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Dane County as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, TRAVELERS PERSONAL INSURANCE COMPANY, prays that the above-entitled cause, currently pending in the Circuit Court for Dane County, Wisconsin, under Case No. 2025 CV 003718, be removed therefrom to the United States District Court for the Western District of Wisconsin and proceed in this Court as an action properly removed thereto.

        Respectfully submitted,

        /s/ Thomas B. Orlando
        Thomas B. Orlando
        FORAN GLENNON PALANDECH
        PONZI & RUDLOFF PC
        222 N. LaSalle Street, Suite 1400
        Chicago, IL 60601
        312.863.5000
        torlando@fgppr.com

        Attorneys for Defendant,
        TRAVELERS PERSONAL INSURANCE
        COMPANY

## CERTIFICATE OF SERVICE

      I, the undersigned, on oath, subject to penalty of perjury, state that I served the Notice of Removal and Appearance, by emailing to all counsel of record on December 23, 2025, at the email address set forth below.

**Attorneys for Plaintiff**
James R. Shaw
State Bar No. 1055163
P.O. Box 2311
Brookfield, WI 53008-2311
(414) 430-6053
jamesshaw@jamesshawlaw.com

                                             /s/ Thomas B. Orlando
                                             Thomas B. Orlando
                                             FORAN GLENNON PALANDECH
                                             PONZI & RUDLOFF PC
                                             222 N. LaSalle Street, Suite 1400
                                             Chicago, IL 60601
                                             312.863.5000
                                             torlando@fgppr.com